STATE OF VERMONT

ENVIRONMENTAL COURT

In re Appeal of          }
    Michael and Lisa Bowdish    }          Docket No. 253-12-99  Vtec
                         }
                         }

Decision and Order on Motions  for Partial Summary Judgment

Appellants Michael and Lisa Bowdish appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of  Salisbury denying their application for a conditional use permit.   Appellants  are  represented  by  David  R.  Cowles,  Esq.;  Appellees  John  E. Fitzgerald and Suzanne M. Fitzgerald are represented by Karl W. Neuse, Esq.  The parties have each moved for partial summary judgment on Questions 1 and 2 of the Statement of Questions.

Appellants own an existing one-acre parcel of land in the Low-Density Residential (LDR) zoning district, in which the minimum lot area is two acres for residential use and five acres for commercial use.  The lot was subdivided in 1955, prior to the adoption of zoning in Salisbury.  The lot meets the minimum lot depth but its width[1] does not meet the lot frontage minimum of 100 feet for residential uses or 150 feet for non-residential uses, and does not allow the garage to meet the 75-foot side setback for commercial uses, although it may meet the 25-foot side setback for residential uses if the property width is 80 feet wide as shown on Appellants' 1998 permit application.  Prior to purchasing the property in 1998, Appellants obtained zoning permits for a replacement single-family dwelling and a 30' x 40' garage.

Appellant Michael Bowdish is a self-employed mechanic who repairs agricultural equipment.   He estimates that over three-quarters of his business is conducted on customers' farms, but in the remaining quarter of his jobs, if the customer does not have a

---

[1]  Whether 66 feet as shown on the tax map or 80 feet as shown on Appellants' 1998 permit application.

1

suitable covered or enclosed building in which he can work, depending on the weather and the type of job, he will bring the customer's equipment to his property and repair it in or near the garage.

In 1999 Appellants submitted the present application for a conditional use permit to operate the agricultural vehicle repair business. The application was denied because the property does not meet the minimum lot size and setback requirements for non-residential commercial use in the district. Appellants do not appear to have applied for the business as a home occupation or other permitted use, nor for a variance, nor under §512 of the Zoning Regulations as an enlargement of or change to a non-conforming use. The "existing small lots" provision of §501 of the Zoning Regulations does not apply in the present case as the lot has already been developed with a residence and garage.

Appellants first argue that no permit is required, as the use of the garage for repair of customers' equipment is incidental to their permitted use of the residential garage for storage and repair. Appellants' motion for summary judgment is denied on this point: the existence of a "permitted use" category for "home occupations" shows that the Zoning Regulations distinguish between homeowners' use of their property for their own residential use and use of their property for a business.

Appellants next argue that the use of the garage for the agricultural repair business qualifies as a permitted use in the LDR district. Permitted uses in this district include agricultural uses and home occupations; conditional uses include "gasoline or motor vehicle service station."

The question of whether the use qualifies as a permitted use is not strictly before the Court in this appeal, as Appellants have not applied for a zoning permit for the use of the garage as a home occupation or agricultural use, or other permitted use. Such an issue would only be before the Court if such an application had been made to the Zoning Administrator, if the Zoning Administrator's decision had been appealed to the ZBA, and thereafter if the ZBA's decision had been appealed to the Court.

In any event, even if such an application had been made and appealed, it would not be suitable for summary judgment. Home occupation is defined in §130 as an "[a]ccessory use conducted within a minor portion of a dwelling by the residents thereof, which is clearly

2

secondary to the residential uses, is customary in residential areas, and does not change the character thereof."  Based on this definition, Appellants' business might be able to qualify as a home occupation, if it were conducted entirely within the garage building, but material facts  would still be in dispute as to whether the garage is considered part of the dwelling, whether it is a minor portion, whether the business is clearly secondary to the residential uses, whether it is customary in residential areas, and whether it changes the character of the area.

Agricultural use, on the other hand, is defined in §130 as "land containing at least two (2) acres which is used for raising livestock, agricultural or forest products; or for the storage of agricultural equipment and, as an accessory use, the sale of agricultural products raised on the property."  The proposed use of the garage would not qualify as an agricultural use under this definition, as the lot does not contain at least two acres and the repair of customers' agricultural equipment  does not fall within the definition.

We note that the only remaining three questions raised by the Statement of Questions were:

3.  If not [an incidental or permitted use], is it a conditional use.

4.  If not, may the use be granted by a variance?

5.  If so, do the facts and circumstances comply with the variance criteria?

Oddly, by these questions Appellants do not seem to request this Court to consider the merits of their conditional use application denied by the ZBA, although that is the only decision before the Court in the present appeal.  If they wish to do so, Appellants may move to amend their statement of questions on or before July 7, 2000; otherwise the Court will entertain a motion to dismiss the remainder of this appeal.

Accordingly, based on the foregoing, Appellants' Motion for Partial Summary Judgment is DENIED, and Appellees' Motion for Partial Summary Judgment is GRANTED in PART, on the points discussed above, but is otherwise DENIED, as Appellants are entitled to have the merits of their conditional use application ruled on by this Court de novo, should they move to amend their statement of questions.  Issues of whether the

3

proposed use may be approved as a home occupation, as a change to a pre-existing, non-conforming use, or as a variance, must be submitted to and ruled on by the appropriate municipal body before they would be ripe for review by this Court.  Appellees' request for costs is denied as there is no provision for such costs in the statute or rules.


        Done at Barre, Vermont, this 15th day of June, 2000.


_____

Merideth Wright
Environmental Judge